Birdie Amsterdam, J.
This is a motion by defendants pursuant to rule 106 of the Buies of Civil Practice, to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.
The action is in libel predicated upon a newspaper report of a Federal proceeding filed by the corporate plaintiff in the United States District Court for the Southern District of New York, under chapter 11 of the Chandler Bankruptcy Act (U. S. Code, tit. 11) for an arrangement with creditors. Admittedly, plaintiffs have filed such a proceeding. The complaint sets forth that defendants inaccurately reported same and that their published article was false and maliciously conceived, held plaintiffs and their business up to public contempt and ridicule and injured and damaged them in their business. Defendants argue the article is true and not libelous. The instant motion is addressed to the allegations of the complaint in respect of the wording alleged in paragraph “ 7 ” of the complaint which reads as follows: “ The Empire Linotype School, located at 206 E. 19th St., one of the few Negro-owned businesses in the mid-town area, has filed an action for bankruptcy in Federal Court, listing assets of $4,129,617 and liabilities of $109,370. Under an arrangement petition filed by Edwin G-. Jenkins, president-director of the school since 1950, he had proposed that the school be allowed to continue in business and pay its creditors off at 80 percent on the dollar, payable at the rate of 5 percent each quarter. The action was filed in Federal Court Monday, August 3, and ”.
Defendants argue the article to be true in its reported contents in that an arrangement under the Bankruptcy Act is to be considered synonymously with the filing of an action for bankruptcy. It is plaintiffs’ position that laymen, reading the article, would reasonably interpret it to mean that the plaintiffs had gone bankrupt, were no longer in business, could not be given credit and should not be dealt with. The sole issue therefore is whether by any reasonable view the words used are capable of a defamatory meaning. If a reasonable basis exists for thus interpreting the published words, the issue is one for the trial court and jury. A false statement that a firm has gone into bankruptcy is libelous per se (Moore & Munger Co. v. Motor Trades Pub. Co., 217 N. Y. 683). Whether the words “ filed an action for bankruptcy in Federal Court ’ ’ mean ‘ ‘ has gone into bankruptcy” should be determined by a jury. Consequently the motion is denied.